G. L. & R. REALTY CORP., Respondent, *v.* STATE LIQUOR AUTHORITY et al., Appellants.

Third Department, November 27, 1974.

*Eli Ratner* (*Joseph J. Micare* of counsel), for appellants.

*Parisi, DeLorenzo & Gordon* (*Frank N. Parisi* of counsel), for respondent.

SWEENEY, J. Plaintiff applied for a restaurant liquor license for premises located in Saratoga County, having chosen as a name for its restaurant, "The Godfather Restaurant and Lounge". Defendant, State Liquor Authority, approved the application on condition that plaintiff change the proposed name. Plaintiff agreed, changed the name to "The Father Restaurant and Lounge" and the license was issued. Plaintiff then commenced this action for a declaratory judgment to determine whether defendants could prohibit it from using the trade name, "The Godfather Restaurant and Lounge" as a condition to the issuance of a license and to cancel plaintiff's agreement not to use said trade name and, further, to enjoin defendants from taking any action to suspend plaintiff's license because of the use of said name.

Defendants moved to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 7) upon the ground it does not state a cause of action. Plaintiff cross-moved for summary judgment. Special Term, among other things, determined that defendants had no power or authority to revoke plaintiff's license or to prohibit the use of the trade name, "The Godfather Restaurant and Lounge" on the sole ground that said name promotes intemperance and lawlessness. This appeal ensued.

In urging reversal, defendants point out that sections 2 and 17 of the Alcoholic Beverage Control Law empower the State Liquor Authority to regulate and control the sale of alcoholic beverages. They contend that the statute should be strictly construed to sustain the Authority's wide discretion in issuing a license subject to a condition. A resolution of this controversy requires an examination of these statutes. Section 2, entitled "Policy of state and purpose of chapter" provides that: "It is hereby declared as the policy of the state that it is necessary to regulate and control the manufacture, sale and distribution within the state of alcoholic beverages for the purpose of fostering and promoting temperance in their consumption and respect for and obedience to law. It is hereby declared that such policy will best be carried out by empowering the liquor authority of the state to determine whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof and the location of premises licensed thereby, subject only to the right of judicial review hereinafter provided for. It is the purpose of this chapter to carry out that policy in the public interest. The restrictions, regulations and provisions contained in this chapter are enacted by the

legislature for the protection, health, welfare and safety of the people of the state. It shall be against the public policy of the state to permit the selling or serving of alcoholic beverages for consumption in such premises as were commonly known as and referred to as saloons, prior to the adoption of the eighteenth article of amendment to the constitution of the United States of America." Section 17, entitled "Powers of the authority", where pertinent, provides in subdivision 1 that the authority shall have the functions, powers and duties " To issue or refuse to issue any license or permit provided for in this chapter."

From an analysis of these sections, and particularly section 2, we find no express power to prohibit the issuance of a license to one using the name " The Godfather Restaurant and Lounge ". Section 2 declares that the purpose for the regulation and control of the sale of alcoholic beverages is to foster and promote temperance in their consumption and obedience to law. It is defendants' contention that the word " Godfather " bears such an evil and sinister connotation that it violates section 2 and its use may be properly prohibited. With this contention we do not agree. It is true that because of a recent book and movie entitled " The Godfather ", the name has become associated with the Mafia and underworld. This is a secondary meaning, however, not its traditional and primary one which the dictionary defines as " a man who becomes sponsor for a child at Baptism ". In any event, we do not perceive how the use of the name " Godfather " would foster intemperance or lawlessness. Defendants, in our view, have failed on this record to demonstrate any relationship between the use of the name " Godfather " and intemperance and lawlessness. Special Term, therefore, properly granted plaintiff's cross motion for summary judgment. (*Playboy Club of N. Y.* v. *Hostetter,* 19 A D 2d 822, affd. 14 N Y 2d 933.)

The order and judgment should be affirmed, without costs.

HERLIHY, P. J., KANE, MAIN and REYNOLDS, JJ., concur.

Order and judgment affirmed, without costs.